UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-10519-RGS

LOBARI BLACKWELL

v.

18 U.S.C. § 922 REGULATION

ORDER

April 16, 2025

STEARNS, D.J.

On October 25, 2024, Lobari Blackwell filed a *pro se* complaint against a defendant identified as "18 U.S.C. § 922 Regulation" and concerning his ability to purchase a firearm. ECF No. 1. By Memorandum and Order dated February 14, 2025, Blackwell was granted leave to proceed *in forma pauperis* and was advised that the complaint fails to meet the screening requirements of 28 U.S.C. §1915(e). ECF No. 6. The court recognized that Blackwell appears to challenge the constitutionality of 18 U.S.C. § 922 by suggesting the statute violates the Second Amendment. *Id.* The court explained that 42 U.S.C. § 1983 furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights. *Id.* at n. 1.

Blackwell was advised that if he wished to proceed, he must file an amended complaint that complies with the pleading requirements of the

Federal Rules of Civil Procedure and sets forth a plausible claim upon which relief may be granted.  *Id.* at 4.  The court stated that

> Any amended complaint must comply with the basic pleading requirements of the Federal Rules of Civil Procedure.  Under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004).  The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." *Id.*  In essence, the complaint must succinctly set forth as to each defendant what Blackwell claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each defendant.  Put another way, a complaint must clearly identify the claims and relief Blackwell seeks as to each defendant, and provide sufficient factual bases for each of the elements of the claims that he asserts.  The caption must identify all defendants. Fed. R. Civ. P. 10(a).

*Id.* at 4 - 5.

Now before the court are Blackwell's motion to envelope CORI with constitution privilege, ECF No. 13, and motion to amend pleading with an amended complaint.  ECF No. 14.

The case caption of the amended complaint identifies the sole defendant as the Firearms Records Bureau.  ECF No. 14-1.  As best can be gleaned from the amended complaint, at an unspecified time, Blackwell was charged, as a first-time offender, with possession of a firearm without a

permit nor license to carry. *Id.* at 14-1 at 3. He states that he "ignorantly pled out to before trial" and was sentenced to "time served." *Id.*

Blackwell states that he subsequently filed an application for a firearm which included a review by the Firearms Records Bureau ("FRB"). *Id.* at 14-1 at 2. As part of the review process, the FRB flagged Blackwell's earlier charge and conviction information. *Id.* Blackwell states that "the police department which has jurisdiction [in this case is] the state police whom gave the decision." *Id.* Blackwell states that his right to obtain a firearm license was unconstitutionally denied. *Id.* For relief he seeks monetary damages and an "injunction to envelope records information." *Id.*

Even with the more liberal construction accorded a *pro se* litigant's pleading, the amended complaint still fails to state sufficient factual matter that, if accepted as true, would allow Blackwell to prevail on any identifiable cause of action. Blackwell's constitutional claims under the Second Amendment is subject to dismissal because the defendant is not a "person" amenable to suit under 42 U.S.C. § 1983. The FRB is the Commonwealth's repository for all firearms license and transaction data. *See* https://www.mass.gov/firearms-services (last visited Apr. 15, 2025). In Massachusetts, local police departments are responsible for the issuance of firearms licenses to individuals who reside or have a place of business within the jurisdiction. G. L. c. 140, §§ 121, 129B (1). Here, Blackwell contends that

3

the state police denied his request for a firearms license, however, he fails to provide names or dates and failed to provide a sufficient factual basis to state a claim under 42 U.S.C. § 1983.

Based upon the foregoing, and in accordance with the court's Memorandum and Order dated February 14, 2025, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

        SO ORDERED.

        /s/ Richard G. Stearns
        UNITED STATES DISTRICT JUDGE